IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * No. WDQ-13-133 |
| MICHAEL GWALTNEY,  et al.<br>  (Def: EDWARD LEE) | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR DISCLOSURE
<u>PURSUANT TO FED. R. EVID. 404(b) AND 609</u>**

**<u>Introduction</u>**

Federal Rule of Evidence 404(b) permits the admission of extrinsic other bad acts evidence (hereinafter "404(b) evidence") against a defendant only for limited purposes and only under limited circumstances.  To be admissible, the 404(b) evidence must meet two basic tests.  Initially, it is required to have a form of special relevance to an issue in the case at bar, and then it must be shown not be linked solely to the question of the defendant's character.  Preliminary to this analysis, however, the proponent of the 404(b) evidence must provide the basis for the admission of the 404(b) evidence, and in ruling upon this the trial court also must make a threshold determination that the defendant actually committed the extrinsic acts as alleged through the 404(b) evidence for the evidence to be admissible.  Only when these requirements of such special relevance are met can the trial court proceed to determine that the evidence can be admitted under Rule 404(b), which also requires that the evidence meet the Rule 403 balancing of probative value versus prejudicial effect.

**1. The threshold for admission pursuant to Rule 404(b).**

The Supreme Court previously has set out the general test for admissibility of 404(b) evidence in *Huddleston v. United States,* 485 U.S. 681 (1988). Rule 404(b) evidence must be "probative of a material issue other than character." 485 U.S. at 686, and also must have probative value exceeding its prejudicial effect. *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978) (en banc), *cert. denied,* 440 U.S. 920 (1979). It also must have temporal proximity to the charged offense, and must be sufficient to support a jury finding that the defendant committed the other act. *United States v. Heath,* 188 F.3d 916, 920-21 (7th Cir. 1999); *United States v. Bradley,* 5 F.3d 1317, 1320 (9th Cir. 1993); *United States v. Garcia-Orozco,* 997 F.2d 1302, 1303 (9th Cir. 1993); *United States v. Bibo-Rodriguez,* 922 F.2d 1398, 2400 (9th Cir.), *cert. denied,* 501 U.S. 1234 (1991).

The proponent of the 404(b) evidence must provide a specific basis for its admission, and the failure of the trial court to require such a showing is an abuse of discretion. *United States v. Fortenberry*, 860 F.2d 628, 633-34 & nn. 11-13 (5th Cir. 1988); *United States v. Zelinka,* 862 F.2d 92, 99 (1st Cir. 1988) (reversal for failure "to articulate any theory of admissibility;" it was not enough that government "merely parrots" language of Rule); *United States v. Jemal,* 26 F.3d 1267, 1271 (3rd Cir. 1994) (caution warranted regarding admissibility, as government's motive for introducing 404(b) evidence often mixes need for proof of the extrinsic act with desire to impugn defendant's character); *United States v. Sampson,* 980 F.3d 883, 886 (3rd Cir. 1992)(same). "That rule [404(b)] is not to be used as an excuse or a smokescreen to get other acts evidence before the jury when the Government cannot show that it is necessary to resolve a material issue in dispute." *United States v. Rivera,* 837 F.2d 906, 912-13 (3rd Cir. 1992).

This showing by the government must be articulated with enough specificity and detail to permit the trial court to analyze the evidence in the context of the case. *United States v. Mothershed,* 859 F.2d 585, 589 (8th Cir. 1988) (disapproving of "laundry list" approach to analysis of elements). The trial court then must make clear the basis upon which it is permitting the introduction of the evidence. *United States v. Harvey,* 845 F.2d 760, 762 (8th Cir. 1988) (court must specify basis for admission); *United States v. Merriweather,* 78 F.3d 1070, 1076-78 (6th Cir. 1996).

### 2.  The two mandatory requirements for the admission of the evidence.

Initially, it must be demonstrated that there is evidence from which it can be shown whether the extrinsic bad acts actually took place (the first determination). *Huddleston v. United States*, 485 U.S. at 1499 ("the sale of the televisions was a 'similar' act only if the televisions were stolen"); *United States v. Utter*, 97 F.3d 509, 513 (11th Cir. 1996) (in arson prosecution, prior fire not shown to be arson); *United States v. Anderson,* 933 F.2d 1261, 1271 (5th Cir. 1991) ("Anderson presented insurance reports showing that the causes of the [four previous] fires were accidental or unknown."); *United States v. Neary*, 733 F.2d 210, 216 (2nd Cir. 1984) (in arson prosecution, no evidence that prior fires were "incendiary in origin"); *United States v. Shavers,* 615 F.2d 266, 271 (5th Cir. 1980) ("Furthermore, the testimony of [a witness to the prior act] cast doubt as to whether the extrinsic offense was actually committed."). In other words, the prior extrinsic act must both have taken place and must have been "bad." .

Only once the prior act can has been determined to be "bad" can the focus shift to whether or not the defendant was the actor with regard to the act (the second determination). "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred *and* the defendant was the actor." *Huddleston v. United States*, 485 U.S. at

689, *citing United States v. Beechum,* 582 F.2d at 912-13 (emphasis supplied).  It is not sufficient that there be "unsubstantiated innuendo" regarding a defendant's participation.  *Huddleston v. United States,* 485 U.S. at 689.  Defendant's participation in the other act is a "threshold requirement of relevancy."  *United States v. Gonzalez-Lira,* 936 F.2d 184, 189 (5th Cir. 1991); *United States v. Anderson,* 933 F.2d at 1271 (in arson prosecution, prior fires must be shown to have been the result of arson, and appellant involved with the arson; neither shown); *United States v. Afjehei,* 869 F.2d 670, 675 (2nd Cir. 1989) (prior foreign trips by defendant charged with drug smuggling improperly admitted, as no showing that they were in any way narcotics-related; at most a circumstantial showing inadequate to admit); *United States v. Fortenberry,* 860 F.2d at 632-33 (burden upon government to prove defendant's involvement, yet it could not even prove same person committed extrinsic offenses); *United States v. Neary,* 733 F.2d at 213 (in arson prosecution, no evidence that prior fires were set by defendant).

While the defendant's conviction for the prior bad act is not required, *United States v. Gonzalez-Lira,* 936 F.2d at 189-90, "[h]owever, the Government must at least provide *some evidence* that the defendant committed the prior bad act."  Reversal has been mandated when the government sought to introduce evidence of series of attacks, allegedly by the defendant, upon people linked only by their opposition to him (his ex-wife, her attorney and her father), notwithstanding some similarity in the attacks and the charged offense.  Absent a showing of defendant's participation in these attacks, they were inadmissible.  *United States v. Fortenberry,* 860 F.2d at 631-33.  "The government failed to meet its burden of proving Fortenberry committed the external offenses."  *Id.* at 633.  A prior smuggling attempt did not meet "threshold requirement of relevancy," *United States v. Gonzalez-Lira,* 936 F.2d at 190, as "[t]he government presented no evidence at all it was Gonzalez who committed that offense."

*United States v. Garcia-Orozco,* 997 F.2d at 1304 (no basis in prior event to determine defendant's knowledge of drugs merely from his presence in car with drugs, when not convicted of this prior offense; at most a circumstantial showing); *United States v. Gilan*, 967 F.2d 776, 780 (2nd Cir. 1992) (no evidence tying defendant to extrinsic offense; these may be linked by similarities with the charged offenses, but this is not enough as defendant not a part of the link between the former and latter crimes); *United States v. Heath*, 188 F.3d at 922 (more than mere presence required; this was a purely circumstantial showing); *United States v. Dozal*, 173 F.3d 787, 794-95 (10th Cir. 1999) (same).

The Court also must address the issue of the time between the charged offenses and the act alleged to be 404(b) evidence. Other circuits have noted that "[g]iven enough time, similar crimes will be committed by other people, and the value of the other acts as an earmark is diminished." *United States v. Beasley,* 809 F.2d 1273, 1277 (7th Cir. 1987); *see United States v. Beechum,* 582 F.2d at 912.

### 3.  Propensity as an improper touchstone for admission.

What also must be shown is a similarity between the charged offenses and the 404(b) act, so as to suggest a "signature" crime.  This requires a careful analysis of the similarities, and differences, and a failure to conduct such an analysis can doom the admission. *United States v. Smith,* 103 F.3d 600, 603 (7th Cir. 1996) (facts surrounding bank robbery not "sufficiently idiosyncratic").  Allegedly signature facts can occur frequently, and in combination, *United States v. Carroll,* 207 F.3d 465, 469-70 (8th Cir. 2000), and it often can be the dissimilarities which are most striking.  *United States v. Lail*, 846 F.2d 1299, 1301 (11th Cir. 1988); *United States v. Beechum,* 582 F.2d 912 n.15 ("modus operandi").  Indeed, when there are the same type of crimes are charged as are sought to be admitted under Rule 404(b), appellate

review properly tends to be all the more careful and precise, and usually determines that the extrinsic act evidence cannot be admitted. "In the present case the only similarity between the prior acts and the acts charged against Neary is that there were fires resulting in Neary's collection of insurance." *United States v. Neary,* 733 F.2d at 216-17 (reversed).

The question of similarity revolves around the question of whether the offenses share a common characteristic which is a "significant one for the purpose of the inquiry at hand." *United States v. Guerrero,* 650 F.2d 728, 733 (5th Cir. 1981), *citing United States v. Beechum*, 582 F.2d 911 (citation omitted); *United States v. Levario-Quiroz,* 854 F.2d 69, 73 (5th Cir. 1988); *United States v. Sampson,* 980 F.3d at 887. This common characteristic must be common between the crimes (prior act and charged offense), and it is not enough that this simply is common in or generic to the context of this type of crime, e.g., arson. *United States v. LeCompte*, 99 F.3d 274, 279 (8th Cir. 1996) (the similar prior abuse and charged offense "reflect misconduct common to all too many child sex offenders."); *United States v. Carillo,* 981 F.2d 772, 775 (5th Cir. 1988).

What is required is that the "characteristics of the other crime or act [must] be 'sufficiently distinctive to warrant an inference that the person who committed the act also committed the offense at issue;'" *United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991), *quoting United States v. Andrini*, 685 F.2d 1094, 1097 (9th Cir. 1982); or whether "those common features are so generic that such an inference cannot be drawn;" *United States v. Luna,* 21 F.3d 874, 881 (9th Cir. 1994), *citing United States v. Perkins*, 937 F.2d at 1400; *United States v. Gilan,* 967 F.2d at 779-80 (similarities outweighed by lack of link of defendant to extrinsic offense). "If the government offers prior offense evidence, it must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant

committed drug offenses before, he is more likely to have committed this one." *United States v. Sampson,* 980 F.3d at 887.

In a commercial arson prosecution, evidence of a prior fire allegedly set to collect insurance on a car was excluded, as "no evidence suggests that 'a continuing or connected scheme' linked" the two fires. *United States v. Varoudakis,* 233 F.3d 113, 119 (1st Cir. 2000); *United States v. Jemal,* 26 F.3d at 1272; *United States v. Lynn,* 856 F.2d 430, 435 (1st Cir. 1988) ("no evidence suggests a continuing or connected scheme of marijuana importation."). As noted by a leading jurist, caution is required for "[a]lmost any excuse or far-fetched theory" will be used under Rule 404(b) to seek admission of "marginally admissible" evidence. *United States v. Simon,* 842 F.2d 552, 556 (1st Cir. 1988) (Torruella, J., concurring); *United States v. Sampson,* 980 F.2d at 886 ("Although the government will hardly admit it, the reasons proffered to admit prior bad act evidence may often be potemkin village.").

The government cannot claim that any prior offense demonstrates motive in the charged crimes. The 404(b) evidence must be admitted to show a motive to commit the crime charged, relating thereby to defendant's identity as the actor, and "not simply a propensity to engage in criminal activity." *United States v. Brown,* 880 F.2d 1012, 1015 (9th Cir.1989); *United States v. Varoudakis,* 233 F.3d at 120 (use of motive to "smuggle forbidden evidence of propensity to jury"). Indeed, as proof of motive, the use of 404(b) evidence of a prior fire as circumstantial evidence of a motive to commit the charged arson is impermissible, as "[i]t involves an inference of propensity as 'a necessary link in the inferential chain.' Put most simply, the government argues that Varoudakis's commission of the arson fire in response to financial stress makes it more likely that he committed the restaurant arson in response to financial stress." *Id.,* quoting *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996). *United States v.*

*Utter,* 97 F.3d at 514 (prior fire excluded from arson prosecution; government rationale was financial stress); *United States v. Veltmann*, 6 F.3d at 1501 (extremely close case built solely on circumstantial evidence). "This is the type of character and propensity evidence prohibited by Rule 404(b)." *Id.*

Similarly, the 404(b) evidence is of no use in demonstrating intent. It may be no more than "mere conjecture" whether the defendant intended or participated in a charged crime, based upon evidence of involvement in a prior similar crime, and this likely will be of "no relevance – other than as proof of propensity," and whatever relevance it might have would be only slight when compared with the "devastatingly prejudicial impact of such evidence in the mind of a jury." *United States v. Mothershed*, 859 F.2d at 590. For 404(b) evidence to be relevant on the issue of intent, the actor must have the same state of mind for both the prior act and the charged offense, *United States v. Guerrero*, 650 F.2d at 733, and nothing in the proffered evidence would permit jury to infer intent on part of Defendant. Where the defendant denies his very involvement, the use of prior bad acts evidence "must be considered with meticulous regard for the facts of each case," and the probative value of prior bad acts evidence is significantly less when the defendant makes such a claim of non-involvement in the charged offense. *United States v. Hernandez,* 975 F.2d 1035, 1040 (4th Cir. 1992).

This understanding is supported when it is remembered that intent is not an issue "when the defendant specifically denies only the criminal act," *United States v. Thomas*, 58 F.3d 1318, 1321-22  (8th Cir. 1995), and 404(b) evidence is not admissible on that issue, since, for example, "[t]he evidence was clear that whoever set the fire in the defendant's restaurant was an arsonist," *United States v. Neary,* 733 F.2d at 216-17. *See United States v. LeCompte,* 99 F.3d at 279. Nor is intent a genuinely contested issue, notwithstanding defendant's plea of not guilty,

where it is not raised as a defense, *United States v. Thomas,* 58 F.3d at 1321-22 (and 404(b) evidence therefore inadmissible), as "[p]roof of intent may be inferable from the act itself," *United States v. Danzey,* 594 F.2d 905, 914, (2nd Cir.), *cert. denied,* 441 U.S. 951 (1979); *United States v. Sumner,* 119 F.3d 658, 661 (8th Cir. 1997) ( "if [defendant] Sumner actually performed the alleged acts against [victim] D.D. his criminal sexual intent could not be seriously questioned"); *United States v. Soundingsides,* 820 F.2d 1232, 1237 (10th Cir. 1987) (no issue of malice aforethought where defendant denied involvement in murder); *United States v. Ring,* 513 F.2d 1001, 1007 (6th Cir. 1975) (intent not a genuinely contested issue).

### 4.  Minimal probative value outweighed by immense prejudicial effect.

Even when evidence passes scrutiny under Rule 404(b), it then must be analyzed for relevance under Rule 403, and must meet the further test of being shown to be specifically probative to the charged offenses while likewise not unduly prejudicial to defendant.  *United States v. Gilbert,* 229 F.3d 15, 26 (1st Cir. 2000) (jury could not consider 404(b) evidence "without drawing a forbidden inference of criminal propensity"); *United States v. Merriweather,* 78 F.3d at 1077 (trial court must determine if the evidence is relevant under Rule 403); *United States v. Veltmann*, 6 F.3d 1483, 1500 (11th Cir. 1993) (Rule 403 function is to exclude matter of "'scant or cumulative probative force, dragged in for the sake of its prejudicial effect'").  *United States v. Himelwright*, 42 F.3d 777, 784 (3d Cir. 1994) (Rule 403 analysis showed prejudice "substantially outweighed" probative value).

> [T]he more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant.  The likelihood that the jury will convict the defendant because he is the kind of person who commits this particular type of crime or because he was not punished for the extrinsic offense increases with the increasing likeness of the offense.

*United States v. Beechum,* 582 F.2d 915 n.20.

> No matter what limiting instruction might be given, the evidence presented a high risk that the jury might nevertheless improperly infer from the occurrence of several fires that the defendant probably set the one in the indictment.

*United States v. Neary,* 733 F.2d at 217; *United States v. Anderson,* 933 F.2d at 1271-72 (also a commercial arson case).

In *United States v. Aguilar-Aranceta,* 58 F.3d 796, 800-01 (1st Cir. 1995), involving a prosecution on nearly identical circumstances as on prior conviction for drug importation, the First Circuit reversed, as the instant conviction was obtained solely upon the basis of a prior conviction. The court held that there could have been no conviction in the charged offense on facts which were insufficient to convict the defendant without that prior conviction being admitted. *Id.; United States v. Utter,* 97 F.3d at 513 (in an entirely circumstantial arson case, other fire evidence was irrelevant under 403 analysis). The prejudicial effect of evidence of prior attacks on individuals, allegedly made by defendant, which were similar to charged offenses, has been seen to tip the Rule 403 scale against admission. *United States v. Fortenberry,* 860 F.2d at 631-33. This sort of evidentiary situation was put into a nutshell by the Seventh Circuit. "We are not dealing with transparently admissible evidence. Some seems almost transparently inadmissible." *United States v. Beasley*, 809 F.2d at 1280; *see Old Chief v. United States,* 519 U.S. 172, 180-81 (1997) (defining "unfair prejudice"). "The evidence, after all, consists almost entirely of allegations made by a hostile witness months after the event in question." *United States v. Gilbert,* 229 F.3d at 23.

Where the 404(b) evidence supports the unsubstantiated and claims of government witnesses made years later, such error cannot be harmless where the evidence was by no means overwhelming, where witness credibility was crucial, and where testimony in the record contradicted the witnesses. *United States v. LeCompte*, 99 F.3d at 279; *United States v.*

*Anderson,* 933 F.2d at 1271-72 (404(b) witness shown to have perjured himself).  Absent the 404(b) evidence, it cannot be said that the verdict would have been the same, for it cannot be said that the jury would have viewed the government witnesses in the same light.  *United States v. Varoudakis,* 233 F.3d at 126 (government case largely circumstantial); *United States v. Hernandez,* 975 F.2d at 1041-42; *United States v. Nyman*, 649 F.2d 208, 211-12 (4th Cir. 1980), *citing Kotteakos v. United States,* 328 U.S. 750, 765 (1946) (reversal due to closeness of evidence); *United States v. Guerrero,* 650 F.2d at 736 (not harmless).  Where the improperly admitted evidence was of "minuscule probative value," it cannot be seen to have been harmless.  *United States v. Bradley*, 5 F.3d at 1322; *United States v. Hill*, 953 F.2d 452, 459 (9th Cir. 1991) (in a "close case" as here, "the harmless error rule is difficult to apply."); *United States v. Brown,* 880 F.2d at 1016.

                                          Respectfully submitted,

Date: March 28, 2014                                /s/
                                              MICHAEL D. MONTEMARANO

                                              Michael D. Montemarano, P.A.
                                              10630 Little Patuxent Parkway
                                              Suite 146
                                              Columbia, Maryland  21044
                                              (410) 992-0067/Fax 992-6915
                                              Counsel of Record/CJA Counsel
                                                  For Defendant Edward Lee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on or before this 28th day of March, 2014, a copy of the foregoing

(1) *Memorandum of Law in Support of Motion for Disclosure Pursuant to Fed. Ev. 404(b) and 609;*

was filed via CM/ECF, and served as well via direct email, on James Wallner, Esq., Assistant United States Attorney, Office of the United States Attorney, 36 South Charles Street, 4th Floor, Baltimore, MD 21201, and to all defense counsel.

/s/
MICHAEL D. MONTEMARANO